**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0290-20

NIXON MEDICAL APPAREL
& LINEN SERVICE
SPECIALIST,

      Plaintiff-Respondent,

v.

HEALTH PLUS SURGERY
CENTER, LLC,

      Defendant-Appellant.

_____

          Argued November 29, 2021 – Decided January 25, 2022

          Before Judges Sumners and Firko.

          On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-2556-19.

          Anthony M. Juliano argued the cause for appellant (Brach Eichler, LLC, attorneys; Keith J. Roberts, of counsel and on the brief; Anthony M. Juliano, on the briefs).

          Steven Pontell argued the cause for respondent (Verde, Steinberg & Pontell, LLC, attorneys; Steven Pontell and Martine Pierre-Paul, on the brief).

PER CURIAM

Defendant Health Plus Surgery Center, LLC appeals the order granting summary judgment to plaintiff Nixon Medical Apparel & Linen Service Specialist in the amount of $157,066.21 for unpaid invoices and liquidated damages. We affirm because the motion judge applied the correct legal principles in granting summary judgment.

I

In December 2016, the parties entered in a written contract in which plaintiff — a medical apparel supplier, agreed to supply defendant — an ambulatory surgery center, with certain services, merchandise, and wares, including laundry bags, sheets, and scrubs. The contract covered a thirty-six-month period and would be automatic renewed unless defendant notified plaintiff at least ninety days prior to the contract's expiration. The contract provided that if defendant had "complaints about the quality of service that [were] not . . . resolved during the normal course of business," it was required to submit written notice "by registered mail" to plaintiff's president, Jason Bernstein, and allow plaintiff an opportunity to make a "good faith effort" to resolve the issue "within thirty days of receipt" of the notice. If plaintiff did not

A-0290-20

resolve the issue, defendant could terminate the contract so long as certain conditions were met, including the payment of any outstanding balance.

A liquidated damages clause specified the amount of money defendant would owe plaintiff if defendant terminated the contract without sufficient cause. The clause provided:

> In the event of cancellation of this agreement, the parties agree that the damages that will be sustained by [plaintiff] will be substantial and difficult to ascertain. Therefore, if this [contract] is cancelled by [defendant] prior to the termination date for any reason other than for failure of [plaintiff] to perform under its guarantee or; if this agreement is terminated by [plaintiff] for cause, [defendant] agrees to pay to [plaintiff], as liquidated damages and not as a penalty, either [fifty percent] of the average weekly invoice amount for the preceding ninety day period times the unexpired term or, purchase all items, whether in service with [defendant] or held in stock by [plaintiff], at [its] standard replacement values then in effect. Prior to termination, [defendant] will also be responsible for any unpaid charges on [its] account.

During the contract's first year, defendant raised numerous concerns regarding missed or delayed service, shortage of linens and scrubs, poor quality scrubs, and a lack of communication. The record reflects plaintiff addressed the communications problems, which were attributed to an employee being on leave for about three months, and service was suspended as permitted under the contract due to defendant's unpaid invoices.

3

On or about November 30, 2017, defendant terminated the contract, claiming missed deliveries, product availability, product shortage, soiled linens, and lack of communication. At the time, defendant owed plaintiff $18,509.75 in unpaid invoices. Prior to terminating the contract, defendant had agreed with another supplier, Unitex, to deliver the same services plaintiff had provided.

Plaintiff sued for breach of contract, seeking damages for unpaid invoices and liquidated damages, totaling $157,066.21. Following discovery, Judge Estela M. De La Cruz entered an order and written statement of reasons granting plaintiff's summary judgment in the total amount sought.

II

Before us, defendant argues the judge erred in granting summary judgment because it had just cause to terminate the contract due to plaintiff's failure to deliver quality products in conformity with the contract and to cure numerous complaints, and that it did not owe the amount claimed. We disagree.

We review the order granting summary judgment de novo. Giannakopoulos v. Mid State Mall, 438 N.J. Super. 595, 599 (App. Div. 2014). When reviewing an order granting summary judgment, we apply "the same standard governing the trial [judge]." Oyola v. Liu, 431 N.J. Super. 493, 497 (App. Div. 2013). A judge should grant summary judgment when the record

4                                                                    A-0290-20

reveals "no genuine issue as to any material fact" and "the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). We consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party," in consideration of the applicable evidentiary standard, "are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

A non-moving party "cannot defeat a motion for summary judgment merely by pointing to any fact in dispute." Id. at 529. Thus, "once the moving party presents sufficient evidence in support of the motion, the opposing party must 'demonstrate by competent evidential material that a genuine issue of fact exists[.]'" Globe Motor Co. v. Igdalev, 225 N.J. 469, 479-480 (2016) (alteration in original) (citing Robbins v. Jersey City, 23 N.J. 229, 241 (1957)).

Indeed, "if the party opposing [a] summary judgment motion 'offers . . . only facts which are immaterial or of an insubstantial nature, a mere scintilla, "fanciful, frivolous, gauzy or merely suspicious," he will not be heard to complain if the court grants summary judgment.'" Id. at 480 (citing Judson v. Peoples Bank & Trust Co., 17 N.J. 67, 75 (1954)). "'[T]hese general rules . . . without unjustly depriving a party of a trial, can effectively eliminate from

crowded court calendars cases in which a trial would serve no useful purpose' . . . knowing that a rational jury can reach but one conclusion." Brill, 142 N.J. at 541.

Summary judgment was appropriate based on the sound reasoning set forth by Judge De La Cruz in her written decision. She explained:

> [Defendant] had already secured a replacement vendor at the time it had terminated the contract with [plaintiff]. The contract secured with Unitex is dated September 29, 2017[,] and for some time after it was in effect, defendant continued to communicate with [plaintiff], most specifically about pricing. [Defendant] terminated the [contract with plaintiff] once a better pricing agreement was obtained from the competitor, Unitex.
>
> . . . .
>
> . . . It is true, . . . that there were issues, there is nothing in this record to document that the problems encountered during the time of the parties' active engagement that these problems were not addressed.
>
> . . . .
>
> . . . Defendant presents no record of any continuing problem that [plaintiff] failed to address, and [defendant attorney]'s list of issues are explained, with support to the record. . . . Indeed, [defendant's employee] Millie Figuere[t]o informed [plaintiff's] representative that "she wasn't going to follow the terms of [the contract]."
>
> . . . .

6

. . . At the time of its termination, [defendant] gave [plaintiff] no notice, in writing and to the [plaintiff's] president, of [defendant's] decision to walk away.

. . . .

As the motion record documents, [defendant] terminated [plaintiff's contract] once it obtained better pricing with Unitex, and as such, [defendant's] termination was without cause. . . . If the complaints [defendant argues] were about the quality of service that were not resolved during the normal course of business, the contract gave [defendant] the opportunity, indeed required it, to move up [plaintiff's] corporate ladder before exiting prematurely from the [contract].

. . . .

. . . [Defendant] argues that th[e] liquidated damages formulation is unreasonable, and that it amounts to a penalty of sorts, even though it is admitted to be a part of the parties' [contract], and even though [defendant] entered into a whole new agreement with another vendor, Unitex, to replace [plaintiff], which had virtually the very same liquidated damages clause. . . . [The new agreement with Unitex] has virtually the same formulation to determine liquidated damages that [defendant] now argues is unreasonable and unfair.

. . . .

. . . A liquidated damages clause is enforceable so long as [](a) the amount so fixed ["]is a reasonable forecast of just compensation for the harm that is caused by the breach," and (b) the harm that is caused by the breach is one that ["]is incapable or very difficult

7

of accurate estimate." <u>Wasserman's Inc. v. Township of Middleton</u>, 137 N.J. 238, 250 (1994) [quoting <u>Westmount Country Club v. Kameny</u> 82 N.J. Super 200, 206 (1964)]. Given that [defendant's] new contract [with Unitex] also provides a virtual[ly] mirrored liquidation clause causes great conflict for it to now argue unreasonableness in the contract [with plaintiff].

. . . .

Finally, the motion evidence shows that [defendant] had a balance due at the time it terminated [the contract]. This fact was confirmed by . . . Betty McCabe . . . [defendant's] [a]dministrator . . . who reviewed . . . invoices [at her deposition]. . . . The motion record is missing any documentation of payment of the $18,509.75 for unpaid invoices . . . .

. . . .

. . . The fact that . . . defendant . . . brazenly pronounces that payment was made, without any reasonable documentation that such a business would have, does not raise a genuine issue of material fact. "Conclusory and self-serving assertions by one of the parties are insufficient to overcome the motion." <u>Vizzoni [v. B.M.D.]</u>, 459 N.J. Super. [554,] 567 [(App. Div. 2019)].

In sum, the record demonstrates that defendant terminated the contract less than a year after it was entered without providing plaintiff with notice of performance issues and the opportunity to cure as required by the contract. There was no genuine issue of material fact presented, and damages were

8

awarded consistent with the contract terms between two sophisticated business entities.

To the extent we have not specifically addressed any of defendant's arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0290-20